## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Civil Case No. |
| | ) |
| $257,824.00 IN U.S. CURRENCY | ) |
| | ) |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

COMES NOW the United States of America (the "United States" or the "Government"), by and through Jill E. Steinberg, United States Attorney for the Southern District of Georgia, and J. Bishop Ravenel, Assistant United States Attorney, and brings this Verified Complaint for Civil Forfeiture *In Rem*, with the following allegations:

## NATURE OF THE ACTION

1.     *In Rem* civil forfeiture is permissible under Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

2.     The Defendant *In Rem* is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that the Defendant Property, as defined later herein, is proceeds traceable to and/or derived from mail fraud in violation of 18 U.S.C. § 1341 and mail fraud conspiracy in violation of 18 U.S.C. § 1349.

## THE DEFENDANT *IN REM*

3.     The Defendant *In Rem* (hereinafter, the **"Defendant Property"**) represents the following asset:

   a.  $257,824.00 in U.S. Currency.

The **Defendant Property** was seized on or about May 19, 2021, from 3001 U.S.

Highway 280, Ailey, Georgia 30410 as the result of federal search warrant authorized

in the Southern District of Georgia.

### JURISDICTION AND VENUE

  4.  The United States brings this action *In Rem* in its own right to forfeit

the **Defendant Property**.

  5.  This Court has jurisdiction over an action commenced by the United

States pursuant to 28 U.S.C. § 1345.

  6.  The Court has jurisdiction over an action for forfeiture pursuant to 28

U.S.C. § 1355(a).

  7.  The Court has *In Rem* jurisdiction over the **Defendant Property**

pursuant to 28 U.S.C. § 1355(b).

  8.  Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)

because acts and/or omissions giving rise to the forfeiture of the **Defendant**

**Property** occurred in this district.

### BACKGROUND INFORMATION

  9.  During the time period of the crimes alleged in this Verified Complaint,

between on or about November 16, 2016, and on or about June 27, 2019, the following

information was true and correct:

   a.  Foreign nationals could not work in the United States without

prior authorization from the United States government.  Foreign nationals could

- 2 -

obtain work authorization in the United States if a qualifying sponsor, an employer based in the United States, petitioned the United States government for a nonimmigrant visa on their behalf.   A nonimmigrant visa that authorized foreign nationals to work for an agriculture employer was called an "H-2A visa."

      b.    To petition the United States government for nonimmigrant H-2A visas for foreign workers, qualifying sponsors based in the United States completed a form under penalty of law, in which they claimed they were seeking foreign workers for work authorization and that the information provided in the form was truthful and accurate; and then mailed their form and supporting documentation to the United States government for processing.  This form was called Form I-129, Petition for Nonimmigrant Worker ("Petition").

      c.    Based on these certifications, the United States would issue nonimmigrant H-2A visas to foreign workers authorizing the workers to enter the United States and work for pay for an agriculture employer.

## FACTS AND BASIS OF FORFEITURE

10.    This forfeiture action stems from the seizure of the **Defendant Property** which is proceeds traceable to and/or derived from mail fraud, in violation of 18 U.S.C. § 1341, and mail fraud conspiracy, in violation of 18 U.S.C. § 1349, occurring between on or about November 16, 2016, and continuing through on or about June 27, 2019, in Montgomery County, within the Southern District of Georgia. The United States discovered the involvement of the **Defendant Property** in these offenses on or about May 19, 2021.

11.     Particularly, the **Defendant Property** is forfeitable to the United States, as proceeds traceable to and derived from a scheme and artifice to defraud the United States government by filing fraudulent petitions with the U.S. Department of State and other federal agencies to obtain nonimmigrant H-2A visas for foreign workers and to obtain money by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, placed fraudulent visa applications in a post office or authorized depository for mail to be sent or delivered by the U.S. Postal Service.

12.     Conspirators located in foreign countries would and did fraudulently recruit foreign workers to work in the United States by unlawfully requiring the foreign workers to pay excessive fees for the opportunity to come to the United States on an H-2A visa.

13.     Conspirators located in foreign countries would and did forward the unlawful fees paid by the foreign workers to conspirators located in the United States.

14.     After receiving the unlawful fees paid by foreign workers, conspirators located in the United States would and did pay other conspirators, including David Harrell, to prepare and file fraudulent petitions seeking nonimmigrant H-2A visas for the foreign workers who paid the unlawful fees.  David Harrell, working in combination with other co-conspirators, would and did mail these petitions using the U.S. Postal Service to the U.S. Department of State.

15.     Once the foreign workers were approved by the federal government to enter the United States, on the bases of the fraudulent H-2A visa petitions, and did

enter the United States on the H-2A visas, conspirators would and did confiscate the foreign workers' passports and H-2A visas and force the foreign workers to work in agriculture fields in the United States for little to no pay in violation of the H-2A visa process.

16.     Conspirators would and did force foreign workers to pay additional unlawful fees to get their passports and H-2A visas back from conspirators.

17.     Conspirators would and did threaten to call immigration officials if the foreign workers did not pay, refused to work, or spoke with law enforcement.

18.     On multiple occasions between November 16, 2016, and continuing through on or about June 27, 2019, David Harrell, acting in concert with other members of the mail fraud and mail fraud conspiracy scheme, submitted fraudulent visa petitions to the U.S. Department of State in the names of people whom Harrell represented to be farm labor contractors, that is people who purportedly were to bring foreign workers with H-2A visas to the farms to perform agricultural work.

19.     However, the purported farm labor contractors whose names Harrell used were not farm labor contractors or if they were, Harrell used their names without their knowledge or permission.

20.     Specifically, one such act occurred on February 27, 2017, where the Department of Labor, Employment and Training Administration, Chicago Processing Center located in Chicago, Illinois received a labor certification application, ETA-9142, mailed from the Southern District of Georgia through the U.S. Postal Service by David Harrell.

21.     Based upon the fraudulent representations in the application, the U.S. Department of Labor issued the necessary labor certification, which caused the U.S. Department of State to approve visa applications for 74 temporary workers.

22.     On May 19, 2021, federal agents seized the **Defendant Property** at the residence of David Harrell in Ailey, Georgia, within the Southern District of Georgia, pursuant to a federal search warrant.

23.     David Harrell has stated to investigators that he charged $4,600.00 to submit each fraudulent visa application, retained $4,200.00 of each application, filed at least 61 fraudulent petitions in the names of others, and was paid in cash for those transactions.

24.     Investigators with the Diplomatic Security Service ("DSS") interviewed individuals for whom Harrell had filed fraudulent visa applications.  Those individuals stated they did not submit the applications and had no knowledge that their names were used in connection with the fraudulent applications submitted by David Harrell.

25.     On or about May 6, 2021, David Harrell was indicted for several crimes, including but not limited to violations of 18 U.S.C. §§ 1341 and 1349.  SDGA Docket No. 3:21-CR-0002 ("Criminal Docket"), Doc. 3.

26.     On or about May 27, 2021, the United States notified David Harrell that it intended to seek criminal judicial forfeiture of the **Defendant Property**.  Criminal Docket, Doc. 29.

27.     On or about June 1, 2021, the Court ordered that the **Defendant Property** be maintained by the United States pursuant to 18 U.S.C. § 983(a)(3)(B)(ii)(II), upon the motion of the United States. Criminal Docket, Docs. 30, 32.

28.     On or about October 12, 2022, David Harrell pled guilty pursuant to a plea agreement to a violation of 18 U.S.C. § 1001. Criminal Docket, Docs. 71, 72, 84.

29.     On or about March 13, 2023, David Harrell was sentenced, which judgment included the forfeiture of the defendant's interest in the **Defendant Property**. Criminal Docket, Docs. 84, 85, 88 at 6. Pursuant to his plea agreement and through his criminal proceeding, David Harrell agreed he is and was the sole owner of a portion of the **Defendant Property**, to wit: $228,800, and consented to forfeiture of that portion of the **Defendant Property**. Criminal Docket, Docs. 84 at 5-6, 85, and 88 at 6.

30.     By the foregoing and other acts, the **Defendant Property** is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) on the ground that the **Defendant Property** is proceeds traceable to and/or derived from violations of 18 U.S.C. §§ 1341 and 1349.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Forfeiture Pursuant to 18 U.S.C. § 981(a)(1)(C))

31.    The United States incorporates by reference the allegations contained in paragraphs 1 through 30 above as if set forth fully herein.

32.    The **Defendant Property** is property that constitutes and/or is derived from proceeds traceable to violation of 18 U.S.C. § 1341.

33.    The **Defendant Property** is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

### Second Claim for Relief
### (Forfeiture Pursuant to 18 U.S.C. § 981(a)(1)(C))

34.    The United States incorporates by reference the allegations contained in paragraphs 1 through 30 above as if set forth fully herein.

35.    The **Defendant Property** is property that constitutes and/or is derived from proceeds traceable to violation of 18 U.S.C. § 1349.

36.    The Defendant Property is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

## <u>CONCLUSION</u>

37.     WHEREFORE, the United States of America prays that:

a.      Process of a Warrant for Arrest and Notice *In Rem* be issued for the arrest of the **Defendant Property**;

b.      The **Defendant Property** be forfeited and condemned to the use and benefit of the United States;

c.      The United States be awarded its costs and disbursements in this action and for such other and further relief as this Court deems just and proper; and

d.      That due notice be given to all parties to appear and show cause why the forfeiture of the **Defendant Property** should not be decreed.

Respectfully submitted,

JILL E. STEINBERG
UNITED STATES ATTORNEY

By:     */s/ J. Bishop Ravenel*
        J. Bishop Ravenel
        Assistant United States Attorney
        Virginia Bar Number 70250
        P.O. Box 8970
        Savannah, GA 31412
        (912) 652-4422

## VERIFICATION OF COMPLAINT FOR FORFEITURE *IN REM*

I, Special Agent John C. Siegenthaler, have read the foregoing Complaint for

Forfeiture *In Rem* in this action and state that its contents are true and correct to the

best of my knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.

This 17th day of May 2023.

John C. Siegenthaler
SPECIAL AGENT
DIPLOMATIC SECURITY SERVICE

- 10 -

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No.** |
| | ) | |
| **$257,824.00 IN U.S. CURRENCY** | ) | |
| | ) | |

## WARRANT FOR ARREST OF PERSONAL PROPERTY *IN REM*

TO THE UNITED STATES MARSHAL OF THE SOUTHERN DISTRICT OF GEORGIA AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:

**WHEREAS**, a Verified Complaint for Forfeiture *In Rem* was filed in this Court on May 17, 2023, alleging that the defendant *In Rem* in the above-captioned action is subject to seizure and forfeiture to the United States pursuant to the statutory basis alleged therein;

**WHEREAS**, the defendant is more particularly identified as $257,824.00 in U.S. Currency;

**WHEREAS**, said above-referenced defendant is not real property and is alleged to be in the government's possession, custody, and/or control;

**WHEREAS**, Rule G(3)(b)(i) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions directs the Clerk of Court to issue a warrant for arrest of defendant property if it is in the government's possession, custody, or control; and,

**WHEREAS**, Supplemental Rule G(3)(c)(i) provides that the arrest warrant *In Rem* must be delivered to a person or organization authorized to execute it, who may

- 1 -

be a marshal or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court for that purpose.

**YOU ARE, THEREFORE, HEREBY COMMANDED** to as soon as practicable arrest and seize the defendant described herein and in the Verified Complaint for Forfeiture *In Rem* by serving a copy of this warrant on the custodian in whose possession, custody, or control the defendant is presently found, and to use whatever means may be appropriate to protect and maintain them in your custody until further order of this Court.

**YOU ARE FURTHER COMMANDED**, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

**IN WITNESS WHEREOF**, I, Clerk of the United States District Court for the Southern District of Georgia, have caused the foregoing Warrant for Arrest of Personal Property *In Rem* to be issued pursuant to the authority of Supplemental Rule G(3)(b)(i) and the applicable laws of the United States and have hereunto affixed the seal of said Court.

Dated:  May _____, 2023

> JOHN E. TRIPLETT, CLERK
> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF GEORGIA
>
> By:  _____
>      Deputy Clerk